# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**Gural Foster**　　　　　　　　　　　　　　　　　　　　　　　　　　**Plaintiff**

**v.**　　　　　　　　　　　**No. 4:15CV237-DPM-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**　　　　　　　　　　　　　　　　**Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge D.P. Marshall.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Marshall may adopt the recommended disposition without independently

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

reviewing all of the record evidence.

**Recommended Disposition**

This recommended disposition addresses the Commissioner's motion to dismiss.[3]  In the motion, the Commissioner asked the court to dismiss this case because plaintiff Gural Foster failed to exhaust his administrative remedies.  Foster filed this case to challenge cessation of supplemental security income (SSI).[4]  The Court recommends that the Commissioner's motion to dismiss be granted.

**Procedural background**.  On May 28, 2010, the Commissioner determined Foster met the medical requirements for SSI and disability insurance benefits (DIB), effective August 2007.[5]  On June 28, 2010, the Commissioner notified Foster that he did not meet the non-medical requirements for SSI and that his SSI payments would cease beginning August 2010.[6]  On June 30, 2010, the Commissioner notified Foster that his retroactive DIB benefits would be reduced due to receipt of SSI for the same

---

[3]Docket entry # 13.

[4]Docket entry # 5.

[5]Docket entry # 13, attach. 1, ex. 6.

[6]Docket entry # 13, attach. 1, ex. 8.

time period.[7]

On January 2, 2015 and February 3, 2015, the Commissioner notified Foster that his DIB payments would be reduced due to a debt owed to a federal agency.[8] The notifications apply to DIB, not SSI, but the temporal proximity of the notifications and the complaint suggest the notifications triggered the complaint.

**Applicable legal principles**. The court's jurisdiction in social security cases is narrow. The law permits the court to review the Commissioner's final decisions.

> The commissioner's decision is not final unless the claimant has presented a claim for benefits to the commissioner and has exhausted the prescribed administrative remedies before seeking judicial review. The presentation requirement must be met in every case, and a plaintiff's failure to present a claim to the commissioner divests federal courts of jurisdiction entirely.[9]

The following regulatory provision sets forth the administrative remedies for cessation of SSI:

> If you are eligible for [SSI] and we notify you that we are going to … terminate your benefits, you can appeal … within 60 days of the date you receive our notice. … If you appeal … the method of reconsideration we will use depends on the issue in your case. If the issue in your case is that you are no longer … disabled for medical reasons, you will receive an opportunity for a disability hearing. If any other issue is involved, you have the choice of a case review, informal conference or formal

---

[7] Docket entry # 13, attach. 1, ex. 10.

[8] Docket entry # 13, attach. 1, ex. 13.

[9] *Sipp v. Astrue*, 641 F.3d 975, 979-80 (8th Cir. 2011) (citations omitted).

conference.[10]

**Application of the legal principles**.  The Commissioner advised Foster about his right to appeal and agency procedures in the letter notifying him about cessation of SSI.[11]  Foster did not seek reconsideration within the prescribed 60-day time period or seek an extension of time.  He did not exhaust his administrative remedies.  The court lacks jurisdiction to consider the case.

In his response, Foster stated that he asked for reconsideration on March 12, 2015.[12]  As proof, he attached two SSA ticket numbers.  The ticket numbers reflect no information about an appeal or a request for reconsideration, but even if the ticket numbers evidenced an appeal or a request, administrative remedies weren't exhausted because the Commissioner hasn't acted on the request.[13]

Foster has had two prior cases dismissed for failing to exhaust administrative remedies.  In 2009, before the May 28, 2010 favorable decision, Foster filed a complaint seeking judicial review of whether he was entitled to DIB and SSI.  The Commissioner moved to dismiss for failing to exhaust administrative remedies.

---

[10]20 C.F.R. § 416.1413b.

[11]Docket entry # 13 attach. 1, ex. 8, p. 2.

[12]Docket entry # 14.

[13]Docket entry # 13, attach. 1, ¶ (3)(i) (declaring that agency has no record of any action by an ALJ or Appeals Council) after the May 28, 2010 decision).

United States Magistrate Judge Beth Deere explained the exhaustion requirement in a recommended disposition.[14] United States District Judge J. Leon Holmes dismissed for lack of subject matter jurisdiction.[15]

In 2010, Foster filed a complaint seeking review of the June 30, 2010 notification of reduction of retroactive DIB benefits. The Commissioner moved to dismiss for failing to exhaust administrative remedies. Judge Holmes once again explained the exhaustion requirement and dismissed the case for lack of jurisdiction.[16]

**Conclusion and Recommendation**

Foster has not exhausted his administrative remedies. The court lacks jurisdiction. For this reason, the undersigned magistrate judge recommends GRANTING the Commissioner's motion (docket entry #13) and DISMISSING this case.

Dated this 12th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[14]Cause no. 4:09CV73 JLH/BD, docket entry # 15.

[15]Cause no. 4:09CV73 JLH/BD, docket entry # 20.

[16]Cause no. 4:10CV1064 JLH, docket entry # 13.